

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 18, 1961

Honorable Guilford L. Jones  Opinion No. WW-1226
District Attorney
Big Spring, Texas  Re: Whether under Article 612
 V.C.C.P. a valid poll tax
 is required to qualify a
 juror for service on a
 special venire in a capital
Dear Mr. Jones:  case.

You have requested the opinion of the Attorney General
by your letter of October 17, 1961, on the following questions:

"1. Question: Under Article 612 CCP, is a
valid poll tax required to qualify a juror for
service on a Special Venire on a capital case?

"2. Question: Under Article 616 CCP, is the
failure of a venireman to have a valid poll tax
grounds for challenge for cause by counsel for ei-
ther State or Defense?"

Your letter reads in part as follows:

"In Outlaw v. State 69 S.W.2d 120 and in
Franks v. State 138 S.W.2d 109, it was held that
it was not error to refuse to permit the defend-
ant to ask a prospective juror in a capital case
whether he had a poll tax, and that it was not
error to seat jurymen who had not paid their poll
tax in a capital case.

"It could be argued that since Article 579 is
codified under 'The Mode of Trial' and since Arti-
cle 612 and 616 are codified under 'The Formation
of the Jury in Capital Cases,' that Article 579
applies in non-capital cases and that Articles 612
and 616 apply in capital cases, and that therefore,
a juror in a non-capital case need not possess a
valid poll tax but that a juror in a capital case
must possess a valid poll tax.

"It can likewise be argued that, disregarding
the classification of the statutes in the 1925

Code, that Article 579 eliminates the necessity of a poll tax as a qualification, but leaves unaffected the provision of Article 616 which, strictly interpreted, would make the failure to have a poll tax a subject of challenge. . . ."

Article 579 (V.C.C.P., 1925), reads as follows:

"Failure to pay poll tax shall not disqualify any person from jury service."

It is true that in Outlaw v. State, 69 S.W.2d 120 (Tex.Crim. 1934), the Court stated at pages 123 and 124:

"Bill of exception No. 3 recites that appellant, in examining the first juror on his voir dire, propounded to him the following question: 'Have you paid your poll tax for the year 1932?' The objection of the district attorney that the question was immaterial was sustained, and the court instructed appellant's counsel not to repeat the question to other jurors. . . The bill fails to show that any juror sat upon the trial who had not paid a poll tax. . . Let us assume that some of the jurors answered that they had not paid a poll tax, and appellant's challenge for cause had been overruled and he had exercised peremptory challenges. Under such circumstances, unless it was shown that objectionable jurors had been forced upon him, injury would not be manifested."

Upon Motion for Rehearing, the same proposition was again urged. This time the Court stated a different reason and said at page 125:

"We see no need for discussing the point again raised, that the court below erred in not letting appellant's attorneys ask each juror whether he had paid his poll tax. Article 579, C.C.P., specifically provides that failure to pay poll tax shall not disqualify any person from jury service." (Emphasis added)

In Kincheloe v. State, 175 S.W.2d 593 (Tex.Crim. 1943), the defendant was tried for the capital offense of murder, a special venire was summoned, and the defendant was convicted, receiving a sentence of confinement in the penitentiary for a term of six years. The defendant appealed, and among the points raised

was Bill of Exception No. 6, which complained of the trial
court's alleged error in failing to sustain his challenge for
cause against two veniremen who had not paid their current
poll tax.

An examination of Bill of Exception No. 6, in the
Kincheloe case, in the filed records of the case in the office
of the Clerk of the Court of Criminal Appeals, reveals that
the appellant complained because when he examined the special
veniremen Young and Fondit on their voir dire, it was brought
out that neither of them had paid their poll tax for the year
1942. This case was tried on March 1, 1943. Young and Fondit
were challenged on the ground that they were not qualified as
voters under the Constitution and laws of the State. The trial
court overruled the challenges for cause, and the appellant
then used two of his peremptory challenges in order to keep
them off the jury. Thereafter, appellant exhausted all of his
15 peremptory challenges, and asked to be allowed to have an
additional peremptory challenge to use on the venireman Hudson,
since he had been forced to use peremptory challenges on Young
and Fondit. The Court refused to allow the additional peremp-
tory challenge, and Hudson was sworn as a juror. The trial
court certified these facts to be true, and stated that his rul-
ing with regard to Young and Fondit was based on the Court of
Criminal Appeals opinion in Franks v. State, 138 S.W.2d 109,
which quoted Article 579, C.C.P.

The issue was squarely before the Court of Criminal
Appeals. Here was a capital case with a special venire. It
was brought out on voir dire that two of the veniremen had not
paid their poll tax. The appellant was forced to use his per-
emptory challenges to avoid their service on the jury. There-
after, he exhausted all of his 15 peremptory challenges. He
asked to be allowed additional peremptory challenges in order
to challenge the venireman Hudson. This was refused, and Hud-
son was sworn in as a juror. The Court disposed of Bill of Ex-
ception No. 6, in the following words, at 175 S.W.2d 596:

"Bill of Exception No. 6 complaining of the
action of the court in declining to sustain appel-
lant's challenge to prospective jurors because
they had not paid a poll tax is without merit.
Article 579, C.C.P., provides that failure to pay
the poll tax shall not disqualify any person from
jury service. See Franks v. State, 139 Tex.Crim.
R. 42, 138 S.W.2d 109." (Emphasis added)

The Kincheloe case was reversed by the Court of Crimi-
nal Appeals, but on other grounds than those raised in Bill of
Exception No. 6.

The effect of this ruling is that Article 579, C.C.P., governs in every criminal case, regardless of whether it is a capital felony, non-capital felony, or misdemeanor. We answer both your questions in the negative, and hold that a valid poll tax receipt is not required to qualify a juror for service, when summoned as a special venireman in a capital case, and failure to have a valid poll tax receipt is not grounds for challenge for cause.

## SUMMARY

Failure to possess a valid poll tax does not disqualify a juror in any criminal case.

Failure to possess a valid poll tax does not render a prospective juror subject to challenge for cause in any criminal case.

Yours very truly,

WILL WILSON
Attorney General of Texas

By    Riley Eugene Fletcher
      Riley Eugene Fletcher
      Assistant Attorney General

REF:sh:wb

APPROVED:

OPINION COMMITTED

W. V. Geppert, Chairman

John Leonarz
Marietta Payne
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.